## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **CRIMINAL ACTION** |
| | ) | **NO. 00-40036-DHH** |
| ERIK B. EASTON, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

### May 23, 2013

HENNESSY, M.J.

Defendant, Erik B. Easton, moving *pro se*, seeks an order to Seal and/or Expunge the record of a judgment of conviction entered in 2000. Because this court lacks ancillary jurisdiction to grant such relief, the motion is DENIED.

I. BACKGROUND

On September 11, 2000, Easton pled guilty to a violation of 21 U.S.C. § 844. Judgment was entered against Easton on September 19, 2000, and Easton was ordered to pay a $1000 fine and a $125 special assessment. (Docket #8). The case was closed on September 21, 2000. On May 6, 2013, Easton filed a Motion to Seal and/or Expunge his Case (Docket #10) under the original district court case number. Easton requests expungement of this conviction, which he maintains is the sole conviction of this type on his record, on the grounds that it negatively affects his chances of becoming gainfully employed. On May 7, 2013, this court entered an Order directing the United States to respond to the pending motion (Docket #11). The United

States filed a Memorandum in Opposition on May 13, 2013 (Docket #12). This matter is now ripe for adjudication.

II.   DISCUSSION

The word "expunge" generally refers to the physical destruction of information. United States v. Coloian, 480 F.3d 47, 48 n.2 (1st Cir. 2007). When used with respect to criminal records, expunction refers to the process of sealing or destroying the record of a criminal conviction after expiration of a certain time.[1] Id. Congress has specifically provided for expungement or related remedies in narrowly defined circumstances. See, e.g., 5 U.S.C. §§ 552a(d), (g)(1)(C) (allowing claims to amend public records that are inaccurate); 10 U.S.C. § 1565(e) (mandating expungement of DNA records when military conviction is overturned); 18 U.S.C. § 3607(c) (allowing for expungement of criminal records in certain drug possession cases); 21 U.S.C. § 844a(j) (allowing for expungement of civil penalty records in certain drug possession cases); 42 U.S.C. § 14132(d) (allowing for expungement of DNA records held by the FBI in certain cases where conviction is overturned). Additionally, federal courts have upheld the expungement of criminal records as a remedy for arrests or prosecutions that violate federal statutes or the Constitution. See Coloian, 480 F.3d at 49 n.4. However, the United States Court of Appeals for the First Circuit has held that federal courts lack ancillary jurisdiction to expunge criminal records based solely on equitable grounds.[2] Id. at 52

Easton has not cited a particular statutory basis for the expungement of his record. Nor is the court aware of any such basis that would be applicable to this case. While 18 U.S.C. § 3607 does provide for expungement of records for a first-time offender charged under 21 U.S.C.

---

[1] Hence, Easton's Motion to Seal is the functional equivalent of his Motion to Expunge. Thus, the court's discussion is applicable to either form of relief.

[2] "Equitable grounds" means grounds that "rely only on notions of fairness and are entirely divorced from legal considerations." Coloian, 480 F.3d at 51 n.6.

§ 844, see 18 U.S.C. § 3607(c), that provision applies only to cases in which the first time offender under the age of twenty-one is placed on probation without the entry of a judgment of conviction. Here, a judgment of conviction was entered against Easton by Judge Swartwood on September 19, 2000. (Docket #8). Hence, Section 3607 is not applicable. Nor does Easton seek expungement as a remedy for the violation of his statutory or constitutional rights.

Because Easton's request is solely a claim for equitable relief, namely the hardship he faces in finding employment as a result of his criminal record, the court is without jurisdiction to entertain Easton's request for expungement. Coloian, 480 F.3d at 52.

## III. CONCLUSION

For the foregoing reasons, the Motion to Seal and/or Expunge (Docket #10) is DENIED.

/S/ David H. Hennessy
DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE